UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
DETROIT, MICHIGAN

| | | |
|---|---|---|
| Taras Nykoriak and Natallia Nykoriak, | ) | Case No. |
| Plaintiffs, | ) | |
| v. | ) | Hon. |
| | ) | |
| Hillary Rodham Clinton, Secretary, U.S. Department of State, | ) ) | |
| Defendant | ) ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR WRIT IN THE NATURE OF
MANDAMUS**

Plaintiff in this matter and for cause of action would show unto the Court the following:

1. This action is brought against the Defendant, U.S. Department of State to compel the Defendant to abide by the laws and regulations pertaining to the issuance of immigrant visas with particular regard to the I-130 Immigrant Visa Petition filed by Mr. Taras Nykoriak on behalf of his wife, Natallia Nykoriak (Petition).

**PARTIES**

2. Plaintiff, Taras Nykoriak, a resident of Michigan, is a citizen of the United States, who on June 2, 2008 filed an I-130 Alien Relative Petition to bring his wife, Natallia Nykoriak, to the

U.S.   The Petition was approved on August 7, 2008.

3.    Plaintiff, Natallia Nykoriak, is a citizen of the Ukraine, and the wife of Taras Nykoriak. She is a beneficiary of the Petition.

4.    Defendant Hilary Rodham Clinton is the Secretary of the U.S. Department of State , and this action is brought against her in her official capacity. She is generally charged with the issuance of visas based on approved petition or applications, and is further authorized to delegate such powers and authority to subordinate employees of the Department of State at its various embassies and consulates abroad including the U.S. Consulate in Kiev, Ukraine.

## JURISDICTION AND VENUE

6.    This action arises under the Immigration and Nationality Act (INA) sec. 203(g) and Administrative Procedures Act (APA).  This Court has jurisdiction in this case  under 28 USC secs. 1361 and 5 USC sec. 701 *et seq.*.  Venue lies in the U.S. District Court for the Eastern District of Michigan since this action is brought against officer and agencies of the United States in their official capacities and one of the  Plaintiffs resides in the Eastern  District of Michigan.

**CAUSE OF ACTION**

7.	Taras Nykoriak filed the Petition for his wife on June, 2, 2008 and the Petition was approved on August 7, 2008

8.	The Petition was then transferred to the National Visa Center in Portsmouth, New Hampshire (NVC) to commence consular processing . The file was then transferred by the NVC to the U.S. Consulate in Kiev, Ukraine.

9.	The approval of the Petition signifies that U.S. Citizenship and Immigration Services (USCIS) has determined that the marriage is valid and bona fide for purposes of immigration laws. Pursuant to regulation, USCIS is charged with making the determination of the validity of the marriage before someone can be issued an immigrant visa to come to the U.S. and join their spouse.

10.	The U.S. Consulate in Kiev, Ukraine interviewed both Taras and Natallia Nykoriak and *ultra vivres*, concluded that the marriage was not valid. Because the U.S. Consulate in Kiev, Ukraine recognizes that it has no authority over the Petition, it sent the Petition to USCIS for investigation.

11.	USCIS investigated the marriage of the Petitioners and again found the marriage to be valid. They reaffirmed the Petition on July 15, 2009.

12.     On September 8, 2009, Taras Nykoriak (by telephone) and Natallia Nykoriak were again interviewed by the U.S. Consulate in Kiev, Ukraine.  Instead of being asked questions regarding her admissability into the U.S. which is the consulates purpose in these interviews, the Petitioners were asked inappropriate questions by the Consular Officer at the U.S. Consulate in Kiev,Ukraine. (Consular Officer).  In an attempt to deny the immigrant visa, the Consular Officer asked Taras about whether his distant relatives residing in other areas of Eastern Europe were residing in those countries under the immigration laws.  They questioned the monetary value of the birthday gift Taras Nykoriak gave his wife, Natallia.  Not once did they ask Natallia any questions dealing with admissability as the U.S. Consulate in Kiev, Ukraine was supposed to do in this interview.

13.     At the conclusion of the interview, Natallia Nykoriak was informed that she would be denied the immigrant visa to come to the U.S. to join her husband because she had misrepresented some facts to the Consular Officer.  Nothing further was explained to the Petitioner.  Counsel has tried on two occasions to get a response from the Consular Officer (both by email and telephone call) to no avail.

14.     The actions of the Consular Officer are *ultra vivres*, arbitrary and unlawful.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiffs pray that this Court:

1. That the Defendant issue the immigrant visa to the Petitioner, Natallia Nykoriak and desist from the *ultra vivres* actions.;

2. That the Defendants be ordered to pay damages and attorney's fees pursuant to the Equal Access to Justice Act;

5. Any other relief that this Court deems just..

Respectfully submitted:

   s/Caridad Pastor Cardinale   
Caridad Pastor Cardinale, Esq                    Dated: September 8, 2009
Pastor & Associates, P.C.
525 E. Big Beaver Road Suite 206
Troy, Michigan 48083
(248) 619-0065
carrie@pastorandassociates.com